UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BRYANA NIEMCZYNSKI,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                        Case No. 22-cv-127

CARRIAGE HEALTHCARE COMPANIES, INC.

    and

WISCONSIN ILLINOIS SENIOR HOUSING, INC.

    Defendants

## JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiff, Bryana Niemczynski, on behalf of herself and all others similarly-situated, and Defendants, Carriage Healthcare Companies, Inc. and Wisconsin Illinois Senior Housing, Inc., jointly move this Court for preliminary approval of the settlement in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," attached hereto as Exhibit 1 (hereinafter simply "Settlement Agreement").

For settlement purposes only, the parties seek certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and certification of a class under Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23 ("Rule 23").

The Settlement Class is comprised of Settlement Class Members, that is, the two thousand, four hundred and thirty-three (2,433) hourly paid, non-exempt employees employed by Defendant between February 1, 2019 and February 1, 2022. (Exhibit 1, ¶ 1.25.)

The putative FLSA Collective is comprised of one hundred and fourteen (114) Collective Members, defined as, Settlement Class Members "who filed a signed Consent to Join Forms with the Court." (Exhibit 1, ¶¶ 1.2.) Likewise, the putative WWPCL Class is comprised of those putative Settlement Class Members "who do not submit a request for exclusion to Plaintiffs' Counsel within thirty (30) calendar days following service of the Notice Packet." (Exhibit 1, ¶¶ 1.1.) The "Notice Packet" comprises the Notice of Class Action and Collective Action and Proposed Settlement and is set forth in Exhibit B to the Settlement Agreement (Exhibit 1, Exhibit B.)

The parties believe that the Settlement Agreement is a fair, reasonable, and adequate resolution of a *bona fide* wage dispute because it fully satisfies this Court's criteria for collective and class action settlements. It is fair, reasonable, and adequate as to all putative Settlement Class Members, and upon approval, the Notice Packet attached as Exhibit B to the Settlement Agreement will be sent to members of the putative Settlement Class via first-class U.S. Mail.

As such, the parties respectfully request that this Court:

1. Preliminarily approve the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute;

2. Certify, for settlement purposes only, this case as a collective action under 29 U.S.C. § 216(b) and a class action under FED. R. CIV. P. 23;

3. Appoint Bryana Niemczynski as Class Representative;

4. Appoint Walcheske & Luzi as Class Counsel;

5. Approve the Notice Packet in the form set forth in Exhibit B of the Settlement Agreement for distribution to all putative Settlement Class Members;

6. Find that the Notice Packet to be given constitutes the best notice practicable under the circumstances, including individual notices to all putative Settlement Class members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to putative Settlement Class Members, in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

7. Direct that each putative Settlement Class Member who wishes to be excluded from the WWPCL Class must exclude him or herself no later than thirty (30) calendar days after the mailing of the Notice Packet ("Notice Period"), per the instructions set forth in the Notice Packet and that such exclusion must be received by the dates set forth in the Court's Preliminary Approval Order;

8. Direct that each FLSA Collective Member will be bound by this Agreement and shall release all FLSA claims in the event the Court issues a Final Order approving the Settlement;

9. Direct that any Settlement Class Member who remains part of the WWPCL Class by not excluding himself or herself during the Notice Period per the instructions set forth in the Notice Packet will be bound by this Agreement and shall release all WWPCL claims in the event the Court issues a Final Order approving the Settlement;

10. Schedule a Fairness Hearing approximately ninety (90) days after entry of a Preliminary Approval Order to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, and whether the proposed Final Order Approving the Settlement should be entered;

11. Direct that Class Counsel shall file any remaining Motions – including a Motion for Attorneys' Fees and Costs, a Motion for Plaintiff's Service Payment, and a Motion for Final Settlement Approval – at least twenty-one (21) calendar days prior to the Fairness Hearing and that the Court shall determine at the Fairness Hearing the amount of attorneys' fees, costs and administration-related fees and costs that shall be awarded to Class Counsel; and

12. Direct that any member of the putative Settlement Class who wishes to object to the Motion for Attorneys' Fees and Costs, Motion for Plaintiff's Service Payment, and/or Motion for Final Settlement Approval – file the same at least fourteen (14) calendar days prior to the Fairness Hearing in accordance with the instructions set forth in the Notice Packet.

Dated this 24th day of May, 2024

| WALCHESKE & LUZ, LLC<br>*Counsel for Plaintiff* | REINHART BOERNER VAN DEUREN SC<br>*Counsel for Defendants* |
|---|---|
| **s/ *David M. Potteiger*** | **s/ *Robert S. Driscoll*** |
| James A. Walcheske, WI Bar No. 1065635<br>Scott S. Luzi, WI Bar No. 1067405<br>David M. Potteiger, WI Bar No. 1067009<br>Walcheske & Luzi LLC<br>235 North Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005 | Robert S. Driscoll, WI Bar No. 1016881<br>Matthew DeLange, WI Bar No. 1122466<br><br>Reinhart Boerner Van Deuren SC<br>1000 North Water Street, Suite 1700<br>Milwaukee, Wisconsin 53202 |
| Telephone: (262) 780-1953 | Telephone: (414) 298-1000 |
| E-mail: jwalcheske@walcheskeluzi.com<br>E-mail: sluzi@walcheskeluzi.com<br>E-mail: dpotteiger@walcheskeluzi.com | E-mail: rdriscoll@reinhartlaw.com<br>E-mail: mdelange@reinhartlaw.com |