UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BRYANA NIEMCZYNSKI,
on behalf of herself and
all others similarly situated,

      Plaintiff,

v.                                  Case No. 22-cv-127

CARRIAGE HEALTHCARE COMPANIES, INC., *et al.*

      Defendants

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Bryana Niemczysnki, on behalf of herself and all others similarly situated, and Defendants, Carriage Healthcare Companies, Inc. and Wisconsin Illinois Senior Housing, Inc., by and through their respective counsel, hereby jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Class & Collective Settlement Agreement and Release" ("Agreement"). (ECF No. 25-1.)

Accordingly, the parties request that the Court, issue an Order that fully and finally:

1.      Certifies the Wisconsin Wage Payment and Collection Law ("WWPCL") Class ("Wisconsin Settlement Class") pursuant to FED. R. CIV. P. 23;

2.      Approves the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the Settlement Class;

3.      Appoints Bryana Niemczynski as Class Representative for the Settlement Class;

4.      Appoints Walcheske & Luzi, LLC as counsel for the Settlement Class;
5.      Declares the Agreement to be binding on the parties;

6.      Dismisses *with prejudice* the Settlement Class Members' released claims as set forth in the Agreement; and

7.    Dismisses *without prejudice* the purported wage related claims of the potential members of the Settlement Class who timely sought exclusion from the settlement in the Agreement.

## SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On May 24, 2024, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement ("Joint Motion for Preliminary Approval"), (ECF No. 34), and their fully executed Agreement. (ECF No. 34-1.) To the extent the Court seeks a thorough description of the procedural background and settlement terms in the Agreement, the parties respectfully refer to the Statement of Facts section in their Joint Motion for Preliminary Approval.

For settlement purposes only, the parties defined the Settlement Class to include those two thousand four hundred and thirty-three (2,433) hourly-paid, non-exempt employees employed by Defendants between February 1, 2019 and February 1, 2022, as reflected in Exhibit A, to the parties' Settlement Agreement. (ECF No. 34-1 § 1.25, Ex. A.) In furtherance thereof, the parties sought certification of a class under the WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and FED. R. CIV. P. 23, and a collective under 29 U.S.C. § 216(b).

For purposes of settlement, the parties defined WWPCL Class Members as any Settlement Class Member who did not seek exclusion therefrom within thirty (30) days following service of the Notice Packet. ("WWPCL Class Members") (*See* ECF No. 34-1 § 1.1.) Similarly, the parties defined FLSA Collective Members to include those one hundred and fourteen Settlement Class Members who filed their Consent to Join Forms with the Court. (*Id.* at § 1.2.)

On May 28, 2024, this Court preliminarily approved the parties' settlement. (ECF No. 36.) Among other things, the Court:

(1) Preliminarily approved the Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* wage dispute;

(2) Appointed, for settlement purposes only, Plaintiff's counsel, Walcheske & Luzi, LLC, as Class Counsel for the Settlement Class;

(3) Appointed, for settlement purposes only, Bryana Niemczynski as the Class Representative for the Settlement Class;

(4) Approved the parties' "Notice of Class Action and Proposed Settlement" sent to Wisconsin Settlement Class Members in a form that was substantially similar to that which is attached to the Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class Action and Proposed Settlement" sent to Settlement Class Members as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law; and

(6) Ordered that Wisconsin Settlement Class Members have thirty (30) calendar days after the date of the mailing of the "Notice of Class Action and Proposed Settlement" to opt-out of the Wisconsin Settlement Class.

The Court also scheduled a Fairness Hearing for Monday, August 26, 2024 at 9:00 a.m.

On July 6, 2024, Plaintiff's counsel caused the "Notice of Class Action and Proposed Settlement" to be sent via U.S. Mail to the two thousand four hundred and thirty-three (2,433) Settlement Class Members. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶ 16.) Settlement Class Members had thirty (30) calendar days after July 6, 2024 – or until August 5, 2024 – to exclude themselves from the WWPCL Class (hereinafter the "Notice Period"). (*Id.*) By the end of the Notice Period, just one (1) individual elected to exclude themselves from the Wisconsin Settlement Class. (*Id.*) Accordingly, there are two thousand four hundred and thirty-two (2,432) individuals who are WWPCL Class Members, and, of which, one hundred and fourteen (114) are also FLSA Collective Members, including Plaintiff.

To date, counsel for the parties have not received any objections to the settlement terms in the Agreement and are unaware of any opposition to the settlement terms in the Agreement. (*Id.* at ¶ 17.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendants' counsel will provide Plaintiff's counsel with settlement checks for the Wisconsin Settlement Class within thirty (30) calendar days of entry of the Court's Order. (ECF No. 34-1 § 3.4(B).) Once Plaintiff's counsel receives the settlement checks from Defendants' counsel, Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (*Id.*) Settlement Class Members will have one hundred and twenty (120) days from the date of check issuance to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (*Id.* at § 2.4.)

## ARGUMENT

### I.     FINAL SETTLEMENT APPROVAL STANDARD

Resolution of class action litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).  A court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation;

(c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)).

## II.    FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendants violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (ECF No. 34-1; Potteiger Decl., ¶¶ 9-15.) During negotiations, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendants' defenses and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) Those negotiations have resulted in the parties' finalized and fully executed Agreement. (ECF No. 34-1, *passim*.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiff's claims against Defendants under the FLSA and the WWPCL as well as Defendants' potential exposure. (Potteiger Decl., ¶¶ 9-15.) While Plaintiff maintains a strong belief in her position on liability, class and collective treatment, and damages, she also recognizes the potential issues on which she would be required to prevail if the case proceeded to trial, including: establishing that Defendants were joint employers; proving that the extra-compensation paid by Defendants was, in fact, non-discretionary in nature and that Defendants had a uniform policy in

practice which failed to include non-discretionary compensation in the WWPCL Class Members' and the FLSA Collective Members' regular rate of pay for overtime premium compensation calculation purposes; showing that the WWPCL Class and FLSA Collective actually are similarly-situated to Plaintiff for purposes of final certification; demonstrating that Defendants did not act in good faith; and evincing that Defendants willfully violated the FLSA for a three-year statute of limitations to apply. (*Id.* at ¶ 12.) Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id.*)

Considering the number of issues faced, Plaintiff recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued discovery, expert witness retention, depositions, the filing of certification, de-certification, and dispositive motions. (*Id.*)

Further, the time and investment in continued litigation would be substantial. Plaintiff's motion for class certification was on the horizon, and, if successful, significant additional discovery, including retention of expert witnesses, would have been necessary and would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. (*Id.* at ¶ 13.) Even if Plaintiff were to prevail at trial, there is still the prospect that Defendants would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff and the Settlement Class. (*Id.*)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Plaintiff and the Settlement Class. (*Id.* at ¶ 15.) The allocation of payments to Settlement Class Members was determined by a detailed review of Defendants' payroll and timekeeping data as well as additional written documents applicable to the Settlement Class. (*Id.*) Each WWPCL Class Member and

FLSA Collective Member will receive an equal share of the amount apportioned between the WWPCL Class and FLSA Collective, which the parties agree represents the total estimated aggregated wages allegedly due, inclusive of liquidated damages. (*Id.*)

The Parties agree that the amount each Settlement Class Member shall receive constitutes a reasonable and adequate recovery based upon the Parties' evaluation of Defendants' payroll and the risks of continued litigation. (*Id.*) Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the WWPCL Class because these payments are made without any requirement to file a claim. (ECF No. 34-1 § 3.4.)

## III.     PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has filed a Motion for Approval of Plaintiff's Service Award and Petition for Approval of Attorneys' Fees and Costs contemporaneously herewith, and Defendants have agreed that the amounts requested are fair and reasonable. (ECF No. 34-1 §§ 3.2-3.3.)

<u>**CONCLUSION**</u>

For all of the reasons above, the parties respectfully request that this Court enter an Order that fully and finally:

1.      Certifies the WWPCL Class pursuant to FED. R. CIV. P. 23;

2.      Certified the FLSA Collective pursuant to 29 U.S.C. § 216(b);

3.      Approves the Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute as it applies to the Settlement Class;

4.      Appoints Bryana Niemczynski as Class Representative for the Settlement Class;

5.      Appoints Walcheske & Luzi, LLC as Class Counsel for the Settlement Class;

6. Declares the Agreement to be binding on the parties;

7. Dismisses *with prejudice* the Settlement Class Members' released claims (as defined in the Agreement);

8. Dismisses *without prejudice* the WWPCL claims of the Settlement Class Members who timely sought exclusion from the WWPCL Class;

9. Dismisses *without prejudice* the FLSA claims of the Settlement Class Members who did not timely file their Consent to Join Form in accordance with prior orders of the Court;

10. Approves the settlement payments to the Settlement Class Members;

11. Instructs Defendants' counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class Members within thirty (30) calendar days of the Court's entry of the Order requested herein;

12. Instructs Plaintiff's counsel to send the settlement checks to the Settlement Class Members via U.S. Mail as soon as practicable following receipt of the settlement checks from Defendants' counsel;

13. Instructs that the Settlement Class has one hundred and twenty (120) days from the date of check issuance to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendants;

14. Grants Plaintiff's unopposed request for approval of her attorneys' fees and case-related costs which the parties have stipulated and agreed are reasonable; and

15. Grants Plaintiff's unopposed request for approval of her service award which the parties have stipulated and agreed is reasonable.

Dated this 5th day of August, 2024

WALCHESKE & LUZ, LLC
*Counsel for Plaintiff*


**s/ *David M. Potteiger***
James A. Walcheske, WI Bar No. 1065635
Scott S. Luzi, WI Bar No.  1067405
David M. Potteiger, WI Bar No.  1067009
Walcheske & Luzi LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005

Telephone: (262) 780-1953

E-mail: jwalcheske@walcheskeluzi.com
E-mail: sluzi@walcheskeluzi.com
E-mail: dpotteiger@walcheskeluzi.com

REINHART BOERNER VAN DEUREN S.C.
*Counsel for Defendants*


**s/ *Robert S. Driscoll***
Robert S. Driscoll, WI Bar No. 1016881
Matthew DeLange, WI Bar No. 1122466

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, Wisconsin 53202

Telephone: (414) 298-1000

E-mail: rdriscoll@reinhartlaw.com
E-mail: mdelange@reinhartlaw.com